UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE HARLAND BUTLER,
EDDIE ARMAIL JULIAN-BEY,

    Plaintiffs,                  Case Number 2:22-CV-12528
v.                                HONORABLE DENISE PAGE HOOD

GOVERNOR GRETCHEN WHITMER, et. al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING THE MOTION TO ALTER OR TO AMEND JUDGMENT (ECF No. 5)

Bruce Harland Butler and Eddie Armail Julian-Bey, ("Plaintiffs"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint without prejudice for being duplicative of an identical lawsuit that had been filed against the same defendants and raised the same claims, which remains pending before Chief Judge Sean F. Cox in a separate case. *See Julian, et. al. v. Whitmer, et. al.,* U.S.D.C. No. 2:22-CV-12525 (E.D. Mich.).

Plaintiffs filed an objection to the opinion. The objection is construed as a motion to alter or amend judgment. *See Hill v. Air Tran Airways*, 416 F. App'x 494, 497 (6th Cir. 2011). For the reasons that follow, the motion is DENIED.

1

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Plaintiffs in their objection allege that this Court misconstrued the Plaintiffs' claim when dismissing the complaint. This Court had summarized Plaintiffs' complaint as alleging that the defendants failed to take adequate steps to protect them from contracting the Coronavirus while they were incarcerated. Plaintiffs in the objection argue that this is a mischaracterization of the claim. They argue that their claim actually was

that the defendants had intentionally made "well informed and conscious decisions with 'Active and Constructive Knowledge' of the danger, pain, suffering and death that flows naturally from this behavior and is the result of known consequences that stem from selective chose (sic)." (ECF No. 5, PageID.107).

Plaintiffs offers no cogent argument as to how this Court's characterization of their claim differed significantly from what they claim they alleged. Moreover, the facts alleged and the claims plead in Plaintiffs' prior complaint before Chief Judge Cox were identical to the ones filed in this case. As a general rule, when duplicative lawsuits are pending in separate federal courts, "the entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* Plaintiffs failed to show that this Court erred in dismissing the complaint as duplicative of the case that was filed before Chief Judge Cox.

Plaintiffs' motion to alter or to amend judgment is denied; they merely presents issues which were already ruled upon by this Court, either expressly or by reasonable implication, when summarily dismissing as duplicative the civil rights complaint. *See Hence v. Smith,* 49 F. Supp. 2d

3

547, 553 (E.D. Mich. 1999). Plaintiffs' "Objection" does not seek any further action from this Court, other than noting that the characterization of their claim was misconstrued.

Plaintiff Julian submitted a letter on April 11, 2023 addressed to the Chief District Court Judge, which is currently the Honorable Sean F. Cox, complaining about how the court handled all three cases filed by Plaintiffs in Case Nos. 22-12525 (Cox); 22-12528 (Hood) and 23-10445 (Grey). It is noted that the Clerk's Office, not the judges, files initiating documents and, by random method, assigns case numbers and judges once the complaints are filed. See E.D. Mich. LR 3.1, 4.1, 83.11. A copy of Plaintiff Butler's "Objections" filed in Case No. 22-12525 before Judge Cox was attached to Plaintiff Julian's letter, which this Court will not consider since the "Objections" were filed in Case No. 22-12525, not in this case number.

**IT IS ORDERED THAT:**

The "Objection," considered as a motion to alter or amend judgment as to the characterization of their claims only (ECF No. 5) is **DENIED.**

                                                    s/Denise Page Hood
                                                    Denise Page Hood
Dated:  November 3, 2023          United States District Judge